**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Cause No. 2:14-cr-93 |
| | ) | |
| JACK WEICHMAN and ARI WEICHMAN, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION & ORDER

In December 2015, the United States seized some or all of the cash surrender value of four life insurance policies Jack Weichman had with Northwestern Mutual Life Insurance Company, Reassure American Life Insurance Company, and Jackson National Life Insurance Company, as well as funds in an E*Trade Securities LLC account in Ari Weichman's name. *See generally In re E*Trade Securities LLC*, No. 2:15-mj-231 (N.D. Ind. Dec. 3, 2016) (DE 2). Among other crimes, Jack Weichman is charged with concealment of assets in violation of 18 U.S.C. § 152 for failing to disclose transfers to his son's E*Trade account totaling $351,900 and for his receipt of $125,209.17 drawn on the Reassure policy. (DE 48 at 11, 20.) Jack and Ari Weichman move for return of the seized funds, on grounds (1) that the cash surrender values of the Northwestern and Reassure policies were not proceeds of the underlying offense subject to pre-conviction seizure and (2) that the government did not show that a restraining order would not ensure the availability of the property if defendants are convicted, as required by 21 U.S.C. § 853 (f). (DE 125.) The government asserts and defendants appear to concede

that the cash surrender value of the Northwestern policy has been returned, so the dispute is now limited to the E*Trade account, Reassure policy, and Jackson policy seizures. (*See* DE 134 at 4.) For the reasons below, the motion is denied.

A court must issue a seizure warrant if there is probable cause to believe that the property would be subject to forfeiture in the event of a conviction and that a restraining order under section 853 (e) may not be sufficient to ensure its availability. 21 U.S.C. § 853 (f). The defendants argue that the cash surrender value of the Reassure policy could not be seized pre-conviction because it was not the proceeds of or derived from the proceeds of the bankruptcy fraud. (DE 125 at 2–5.) This argument takes too narrow a view of what property is subject to criminal forfeiture. Under section 853 (a), proceeds and property derived from proceeds are subject to forfeiture, as is "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of" the underlying offense. The underlying offense here is Weichman's concealment of more than $125,000 he withdrew from the Reassure policy. Without the policy, there would never have been a withdrawal for Weichman to conceal. Accordingly, there was probable cause to find that the cash surrender value of the Reassure policy was section 853 (a) property and subject to pre-condition forfeiture.

The defendants also argue that the government did not satisfy its burden of establishing that a restraining order would not assure the availability of the funds in the E*Trade account and the cash surrender values of the Jackson and Reassure insurance policies. (DE 125 at 2.) The government counters that its burden was not to show that a

2

restraining order absolutely would not be sufficient to assure the availability of the property, but only that a restraining order may not assure its availability. (DE 134 at 4.) The government further argues that a seizure order was appropriate because the E*Trade account funds and the cash surrender values of the insurance policies are highly fungible and could easily be transferred notwithstanding a restraining order. (*Id.* at 3; *In the Matter of the Seizure of E\*Trade Sec. LLC*, No. 2:15-mj-231 (N.D. Ind. Dec. 3, 2015 (DE 1-1 at 2-6, 13).)

    I agree. Section 853 (f) requires the court to issue a pre-conviction warrant of seizure if it finds, in part, that the funds in question *may not* be available for forfeiture even if a restraining order is issued. The funds the government seized from the E*Trade are akin to money in an ordinary bank account, which is difficult to secure with a mere restraining order. *See generally, e.g., United States v. Wiese*, No. 09-20414, 2012 WL 43369, at *2 (E.D. Mich. Jan. 9, 2012) ("[P]roperty of that nature could easily be transferred out of those accounts."); *United States v. Dupree*, 781 F. Supp. 2d 115, 133 (E.D.N.Y. 2011). Further, while the life insurance policies may have been less fungible than the funds in the E*Trade account, they too could—and allegedly were—converted to cash. The government's affidavit in support of its application asserted that Jack Weichman had previously effectuated disbursements from two of those policies. *In the Matter of E\*Trade Sec.*, No. 2:15-mj-231 (N.D. Ind. Dec. 3, 2015) (DE 1-1 at 7-8). Under these circumstances, I agree with Magistrate Judge Martin that a restraining order may not have assured that the funds in the E*Trade account or the cash surrender values of the life insurance

policies would have remained available for forfeiture in the event of a conviction.

For all of these reasons, the pre-conviction seizure warrant Judge Martin issued was appropriate.

Accordingly, Defendants Jack Weichman and Ari Weichman's Motion for Return of Seized Property (DE 125) is **DENIED.**

**SO ORDERED.**

Entered: October 12, 2016.

s/ Philip P. Simon  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT